**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KONDAUR CAPITAL CORP.,

          Plaintiff,

v.                             CASE NO. 3:12-cv-750-J-99MMH-TEM

SAULO T. GASPARETO,

          Defendant.

_____

**REPORT AND RECOMMENDATION[1]**

This matter is before the Court on Plaintiff's Motion for Remand (Doc. #14), filed August 1, 2012. On October 11, 2012, the Court issued an Order directing *pro se* Defendant Saulo T. Gaspareto to file a response no later than the close of business on October 25, 2012 (Doc. #16). The Court cautioned Defendant that failure to respond would result in the Court's treatment of Plaintiff's motion as unopposed.[2] To date, Defendant has failed to file a response. Accordingly, the instant motion is treated as unopposed. Nonetheless, out of an abundance of caution, the Court has reviewed the merits of Plaintiff's motion.

Plaintiff owns interest in a Promissory Note and Mortgage for which Defendant Saulo

_____

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] Contemporaneous with the Court's Order directing a response, the Court also issued an Order informing Defendant of some of the responsibilities and obligations of a *pro se* litigant (Doc. #17).

T. Gaspareto is the promisee and mortgagor.  Plaintiff alleges Defendant defaulted on the Note when he failed to make his February 1, 2010 payment.  Thus, Plaintiff filed its Complaint against Defendant in the Fourth Judicial Circuit in and for Duval County, Florida on July 28, 2010, pleading three causes of action: (1) Foreclosure of Mortgage; (2) Reestablishment of Lost Note; and (3) Reestablishment of Lost Mortgage.  Defendant was served by substituted service at his residence on July 31, 2010, and he filed his Answer with the state court on August 19, 2010.

On July 3, 2012, Defendant filed a Notice of Removal (Doc. #1), removing the case to federal court.  In the Notice of Removal, Defendant alleges removal is proper because the suit "involves a federal question, vindicating rights secured by the Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the Constitution . . ." (Doc. #1, at 2). Additionally, Defendant alleges this Court has original jurisdiction under 28 U.S.C. § 1332, and alleges this is a "civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000 . . . ."[3]  *Id.*  Contemporaneously with the Notice of Removal, Defendant also filed a document entitled "Action for Quiet Title" (Doc. #2).  In the document, Defendant Gaspareto names himself plaintiff and names as defendants Chief Judge Donald R. Moran, Jr. of the Fourth Judicial Circuit in and for Duval County; John Kontoulis, President of Kondaur Capital Corp.; and Asley Leyva, Kondaur employee. Defendant Gaspareto alleges ten "cause[s] of action," including: (1) lack of standing; (2) lack of interest in subject note; (3) doctrine of estoppel by laches; (4) fraud and deceit; (5) tender requirement; (6) violation of Fair Debt Collection Practices Act; (7) failure to join

---

[3] In the Action for Quiet Title (Doc. #2), Defendant alleges he is a Brazilian national.

indispensible parties; (8) failure of ratification of commencement; (9) violation of clean hands doctrine; and (10) quiet title.

In the instant motion, Plaintiff requests the Court remand this case back to the Fourth Judicial Circuit.  Plaintiff argues the removal was untimely and is "evidence of a continued abuse of the judicial system to delay the pending foreclosure" (Doc. #14, at 3). Plaintiff also requests fees and costs be imposed against Defendant pursuant to 28 U.S.C. § 1447(c).

"Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."  *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)); *see also Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006) ("The rule of construing removal statutes strictly and resolving doubts in favor of remand is well-established.").   The removal of state court actions to federal court "involves both jurisdictional and procedural considerations."  *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1194 (11th Cir. 2007) (citing *Ariail Drug Co., Inc. v. Recomm Int'l Display, Inc.*, 122 F.3d 930, 933 (11th Cir. 1997); *Monroe v. United Carbon Co.*, 196 F.2d 455, 456 (5th Cir. 1952)[4]). In addition to jurisdictional prerequisites, federal law imposes "bright line limitations on federal removal jurisdiction (e.g. the removal bar for in-state defendants and the one year time limit for diversity removals) . . . . Such limitations . . . are an inevitable feature of a

---

[4] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

court system of limited jurisdiction that strictly construes the right to remove." *Russell Corp.*, 264 F.3d at 1050.

After its review of the motion and the applicable law, the Court finds Defendant's removal was untimely. Title 28 U.S.C. § 1446(b) establishes that a case may be removed no more than within thirty days of the time when it first becomes possible to remove the action. The thirty-day limit delineated in 28 U.S.C. § 1446(b) is "mandatory and may not be extended by the court." *Liebig v. DeJoy*, 814 F. Supp. 1074, 1076 (M.D. Fla. 1993) (citing *Maybruck v. Haim*, 290 F. Supp. 721 (S.D.N.Y. 1968)). Section 1446(b) also prohibits a defendant from removing an action on the basis of diversity jurisdiction more than one year after the action commences. 28 U.S.C. § 1446(b). According to the Act, "an action or prosecution commenced in State court and removed to Federal court shall be deemed to commence on the date the action or prosecution was commenced, within the meaning of State law, in State court." Pub. L. No. 112-63, § 105(d), 125 Stat. 758 (codified as amended at 28 U.S.C. § 1332). Under Florida law, commencement of a civil action occurs when the complaint is filed. FLA. R. CIV. P. 1.050. Here, Defendant removed the action almost two years after the commencement of the state action. Thus his Notice of Removal is untimely regardless of whether removal was based on federal question jurisdiction or diversity jurisdiction. Accordingly, this matter is due to be remanded to the state court.

Plaintiff requests an award of fees and costs against Defendant pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides, "An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." The decision to award attorney's fees and costs under § 1447(c) is solely

4

within the discretion of the Court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, where an objective reasonable basis exists, fees should be denied." *Id.*

The undersigned notes Defendant is facing foreclosure of his home and proceeding *pro se* in defending this action.  Although Defendant appears to be vigorously defending this action, the undersigned does not find Defendant's filing of the notice of removal to constitute clear "abuse of the judicial system in furtherance of delaying the pending foreclosure," as alleged by Plaintiff.  The undersigned notes the state court had not yet ruled on Plaintiff's motion for summary judgment or Defendant's motions to dismiss, set the matter for trial, or set the property for sale (*see* Doc. #14-1).  Moreover, Plaintiff's motion does not contain any information as to the amount of the requested award or evidence in support thereof.  Under the circumstances, the Court would have to retain jurisdiction to determine the amount of fees and costs to be awarded, which would further delay resolution of the case and inevitably cause Plaintiff to incur additional costs and fees.  In light of the foregoing, the undersigned recommends the Court decline to exercise its discretion to award costs and fees in this case.  *See New Wave Mortg., Inc. v. Morales*, No. 6:12-cv-532-Orl-37KRS, 2012 WL 1805489, at *1-2 (M.D. Fla. May 17, 2012) (granting remand because removal was untimely and court lacked subject matter jurisdiction, but denying request for fees); *Bank of New York Mellon Trust Co. v. Johnson*, No. 1:10-cv-221-SPM/GRJ, 2010 WL 5426784, at *1 (N.D. Fla. Dec. 27, 2010), adopting in part report and recommendation at 2010 WL 5426783 (granting remand but declining to award fees and

costs even though Magistrate Judge found there was "a complete absence of any argument to support either federal question jurisdiction or diversity jurisdiction," and removal was filed two years late and only after state court entered order setting the sale of the property at issue); *HSBC Mortg. Servs. v. Williams*, No. 1:07-cv-2863-RWS, 2007 WL 4303725, at *3 (N.D. Ga. Dec. 10, 2007) ("Given [*pro se*] Defendant's lack of legal training, his *in forma pauperis* status, and his good faith assertion of a colorable argument for federal jurisdiction over the case, an assessment of attorney fees and costs would be inappropriate.")*; see also Deutsche Bank Nat'l Trust Co. v. Llopis*, No. C 11-03037 WHA, 2011 WL 3502486, at *2 (N.D. Cal. Aug. 10, 2011) ("[I]t would be wholly inequitable to expect defendant, who is facing the loss of his home and proceeding *pro se* in defending this action, to skillfully respond to plaintiff's lawyers' legal maneuvers.  The Court will not speculate as to what defendant was thinking when he filed his inadequate notice of removal.  Under the circumstances, adding a $675 debt to defendant's troubles would not serve the interests of justice."); *Fed. Nat'l Mortg. Assoc. v. Loving*, No. 3:11-cv-464-L, 2011 WL 2517267, at *5 (N.D. Tex. June 23, 2011) (granting remand but declining to award fees where defendant was proceeding *pro se* and filed a pauper's affidavit in state court); *Cruz v. Wachovia Mortg.*, No. CV 10-3412, 2011 WL 1335809, at *2-3 (C.D. Cal. Mar. 8, 2011) ("Plaintiffs are already facing the loss of their home.  To saddle them with . . . attorneys' fees sought by a giant financial institution . . . would be worse than inequitable and unreasonable; it would be a travesty."); *Commerical Bank, Inc. v. Summers*, No. 3:09-cv-372, 2009 WL 3584879, at *4 (E.D. Ten.. Oct. 26, 2009) (granting remand but using discretion to decline to award costs incurred as result of removal); *Town of Haverstraw v. Barreras*, 361 F.Supp.2d 317, 320 (S.D.N.Y. 2005)  (same); *Cf. US Bank Nat'l Assoc. v.*

*DeAndrade,* No. 6:12-cv-1054-Orl-28DAB, 2010 WL 4038440 (M.D. Fla. Aug. 23, 2012),

adopted at 2012 WL 4009649 (remanding and awarding fees of $750 where defendant

removed action more than three years after the commencement of the action in state court,

the foreclosure action had been litigated through final judgment, and removal notice was

filed after property was sold to plaintiff); *Wells Fargo Bank v. Kelly*, No. 6:08-cv-1555-Orl-

28GJK, 2009 WL 485173, at *1 (M.D. Fla. Feb. 25, 2009) (awarding fees and costs where

non-party improperly removed foreclosure action for the fourth time and caused foreclosure

sale date to be re-set); *HSBC Mortg. Servs. v. Cunningham*, No. 1:07-cv-2480-WSD-JFK,

2007 WL 3005337, at *3-4 (N.D. Ga. Oct. 12, 2007) (awarding $700 in fees incurred solely

in the second removal action where defendant filed second removal notice days before

state court trial was scheduled to begin in apparent second attempt to delay trial).

Upon due consideration, the undersigned respectfully **RECOMMENDS**:

Plaintiff's Motion for Remand (Doc. #14) be **GRANTED** in part and **DENIED** in part.

This matter be **REMANDED** to the Circuit Court for the Fourth Judicial Circuit in and for

Duval County, Florida.  Plaintiff's request for attorney's fees be **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida this 14th day of November, 2012.

THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
Hon. Marcia Morales Howard
All Counsel of Record
Saulo T. Gaspareto, *Pro Se*